JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 26-2284 JGB (ACCVx)** | Date | May 7, 2026 |
|---|---|---|---|
| Title | ***Nova Colton Multi LP v. Antwoin P. Francis, et al.*** | | |

Present: The Honorable    JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order REMANDING Case to the Superior Court of California, County
of San Bernardino (IN CHAMBERS)**

Before the Court is a Notice of Removal filed by defendant Elijah Levitt ("Defendant").
("Removal Notice," Dkt. No. 1.)  After considering the Removal Notice, the Court sua sponte
**REMANDS** the case to the Superior Court of California, County of San Bernardino.

## I.    BACKGROUND

On January 29, 2026, plaintiff Nova Colton Multi LP ("Plaintiff") filed a complaint for
unlawful detainer against Antwoin P. Francis and Does 1-10 in the Superior Court of California,
County of San Bernardino.  ("Complaint," Ex. A, Dkt. No. 1.)  It is not clear from the face of the
Complaint whether Defendant is properly a party in this case.  Defendant alleges that he was
served with a copy of the Complaint and summons on January 29, 2026. (Removal Notice ¶ 2.)
On May 1, 2025, Defendant removed the action to this Court pursuant to federal question
jurisdiction.  (Id. ¶¶ 4-6.)  Defendant additionally filed a request to proceed in forma pauperis.
(Dkt. No. 3.)

//
//
//
//
//
//

| Page 1 of 2 | **CIVIL MINUTES—GENERAL** | Initials of Deputy Clerk MG |
|---|---|---|

## II.   LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute."  Gunn v. Minton, 568 U.S. 251, 256 (2013).

A removing defendant must file a notice of removal within thirty days after receipt of the initial pleading.  28 U.S.C. § 1446(b).  "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. §1446(b)(3).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."  Jackson v. Specialized Loan Servicing, LLC, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

## III.   DISCUSSION

Defendant contends that removal is proper under 28 U.S.C. § 1441.  (See Removal Notice.)  Defendant alleges claims under the Fair Housing, 42 U.S.C. § 3601, et seq.  (Id. ¶¶ 4-6.)  However, the only claim raised in Plaintiff's complaint is for unlawful detainer.  (See Compl.)  Under the "well-pleaded complaint rule," federal jurisdiction only arises "when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1089 (9th Cir. 2002) (citing Rivet v. Regions Bank, 522 U.S. 470, 475 (1998)).  Because Plaintiff raises only a state claim in the complaint, the Court may not exercise jurisdiction over this action.  Even assuming that Defendant is properly a party to the instant case, Defendant may not raise federal claims in a notice of removal in an attempt to create federal jurisdiction.  Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 83 (2002) (holding that neither a counterclaim nor an answer can serve as the basis for federal jurisdiction).  Even if Defendant could properly raise such claims in a notice of removal, the Court would dismiss them for failing to state a claim under Fed R. Civ. P. 12(b)(6).  Ashcroft v. Iqbal, 556 U.S. 662 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

Accordingly, the Court sua sponte **REMANDS** the action to the Superior Court of California, County of San Bernardino and **DIRECTS** the Clerk to close the case.

**IT IS SO ORDERED.**